UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY NELSON,                    )
                                   )
            Plaintiff,             )
                                   )
       v.                          )    No. 4:06-CV-674-JCH
                                   )
DORN SHUFFMAN, et al.,             )
                                   )
            Defendants.            )

**ORDER AND MEMORANDUM**

This matter is before the Court for review of plaintiff's first amended complaint [Doc. #64] pursuant to 28 U.S.C. § 1915(a).

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are Dorn Shuffman, Diane McFarland, Karen Adams, Alan Blake, Martha Bellew-Smith, Linda Meade, Margaret Chessey, Marissa Richardson, Connie Roberts, W. Leon Maxwell, Danny Swyers, Ronald Scharader, Mark Miller, and "John Doe & Jane Doe MSOTC agents."

Plaintiff alleges that he was assaulted and raped by another MSOTC resident on or about December 16, 2004, as a result of defendants' violation of his constitutional rights. He also claims that following the assault, he was denied "trauma counseling," and was "punish[ed] . . . in an attempt to forestall judicial inquiry into the events of Dec. 16, 2004." Plaintiff's

claims are sufficient to proceed against all defendants, with the exception of "John Doe & Jane Doe MSOTC agents."[1]

Therefore,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to be issued upon the first amended complaint as to defendants Dorn Shuffman, Diane McFarland, Karen Adams, Alan Blake, Martha Bellew-Smith, Linda Meade, Margaret Chessey, Marissa Richardson, Connie Roberts, W. Leon Maxwell, Danny Swyers, Ronald Scharader, Mark Miller.

**IT IS FURTHER ORDERED** that, as to defendants "John Doe & Jane Doe MSOTC agents," the Clerk shall not issue process or cause process to issue upon the first amended complaint, because the said

---

[1] An action may proceed against a party whose name is unknown if the allegations are sufficiently specific to permit the party's identity to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain specific allegations regarding the identity of "John Doe & Jane Doe MSOTC agents." These defendants are both unidentified and indeterminate in number, which is not permissible. Cf. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 22nd day of May, 2007.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE