UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NELSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV674 JCH |
| ) | |
| DORN SHUFFMAN, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion to Appoint Counsel, filed May 22, 2008. (Doc. No. 127). There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, whether the plaintiff will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the plaintiff's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Plaintiff's Motion to Appoint Counsel in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Timothy Nelson indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Plaintiff's Motion to Appoint Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. No. 127) is **DENIED**.

Dated this 29th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE