UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NELSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:06CV674JCH |
| DORN SHUFFMAN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

IT IS HEREBY ORDERED by this Court that in connection with Plaintiff's written discovery directed to Defendants, including, but not limited to, Plaintiff's First Set of Interrogatories and Request for Production of Documents, Defendants' objections to disclosure of the following categories of documents are hereby OVERRULED: Missouri Sexual Offender Treatment Center treatment records of Donnie Denivan; Missouri Department of Corrections classification and medical file records of Donnie Denivan; Department of Mental Health Abuse & Neglect Investigation report and investigation witness statements concerning the investigation of the December 16, 2004 incident involving Plaintiff and Donnie Denivan; Department of Mental Health/Missouri Sexual Offender Treatment Center policies to which Defendants have objected to disclosure on security grounds.

IT IS HEREBY ORDERED that the aforesaid documents shall be subject to production under Protective Order, and designated "Confidential," as follows:

Any document or any information designated as "confidential" or "privileged" information by the producing party shall be used, shown, or disclosed only as follows:

1. Defendant through counsel has designated certain documents or information contained in response to the above-referenced discovery, as "CONFIDENTIAL" information on the grounds that the document or information may jeopardize security, or may be withheld pursuant to §§217.075 RSMo., 491.060, 537.035,

1

610.021, 630.140, 630.167, 632.513, the Health Insurance Portability and Accountability Act (HIPAA), or that its disclosure would violate public policy or compromise institutional security. Such designation within the terms of this Protective Order expressly reserves and does not waive the applicability of these confidentiality and privilege provisions.

2. All CONFIDENTIAL material shall be retained only in the custody of the respective counsel of record, who shall be responsible for restricting disclosure in accordance with the provisions of this Order. Specifically, counsel of record shall retain all CONFIDENTIAL material within the confines of his or her personal offices except as is necessary to conduct the present litigation.

3. All CONFIDENTIAL material and the facts and information in the CONFIDENTIAL material shall not be disclosed to any person except as provided for below.

4. All CONFIDENTIAL material shall be designated as CONFIDENTIAL material by marking the words "CONFIDENTIAL" or some similar phrase on the face of the documents.

5. Access to CONFIDENTIAL material shall be limited to defendants and current MSOTC employees, and counsel of record for the respective parties to this action, and regular employees and law clerks of said counsel who are assisting in the prosecution of this litigation, the Court, expert witness identified by Plaintiff or Defendants, consulting experts, appropriate court personnel, court reporters, and jurors in the regular course of litigation.

6. Disclosure of the CONFIDENTIAL material in accordance with the terms of this Protective Order to the Defendants and any other persons other than counsel of record and regular employees and law clerks of counsel of record, the Court and appropriate court personnel must be accompanied by a copy of this Protective order, and counsel must inform said person(s) of the terms of this Protective order, and said

person(s) must agree to be bound by its terms.

7. Disclosure of CONFIDENTIAL material to Plaintiff or to any other persons currently assigned to the Missouri Sexual Offender Treatment Center is expressly prohibited, although counsel for the parties may share and/or discuss information within such records with Plaintiff, only as necessary for purposes of this litigation.

8. CONFIDENTIAL material shall be not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this case. All such copies or reproductions shall be subject to the terms of this Order.

9. When a party wishes to use a document that has been designed as CONFIDENTIAL in support of a motion or other filing with the Court, it will consult with the party that has made the confidentiality designation and (a) resolve a way to present the evidence without the necessity of filing it with the Court; or if no such resolution can be reached, (b) move to file such CONFIDENTIAL material under seal as provided for in the Court's Local Rules.

10. The parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which CONFIDENTIAL material may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to the Court, which may be modified at the Court's discretion. Absent agreement, the Court shall issue an order governing the use of such CONFIDENTIAL material at trial or evidentiary hearing.

11. Thirty (30) days after this Court's final order or other final disposition, or, if an appeal is taken, thirty (30) days after the receipt of a mandate from the Court of Appeals, the filing party shall move that all CONFIDENTIAL material filed as sealed documents with this Court be returned to the filing party. Upon a showing of good cause, either party may move for a Court order extending the seal for a specified period of additional time.

12. Nothing in this Order shall be construed to restrict the use or disclosure of any documents upon which a party or non-party shall have acquired from independent sources.

13. Upon final conclusion of this litigation, counsel to whom CONFIDENTIAL material has been disclosed shall return such CONFIDENTIAL material (and all copies thereof and all other papers containing such CONFIDENTIAL material, *excluding* one copy of any such materials kept on file only at said counsel's office for records-keeping purposes) to the party which produced it, or take measures to destroy copies of said CONFIDENTIAL material.

14. If a party disagrees with the designation of any deposition testimony, documents, or other materials as CONFIDENTIAL, then the parties to the dispute will attempt to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as CONFIDENTIAL pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the party objecting to the designation bears the burden of persuading the Court that the information is not CONFIDENTIAL within the definition of those terms set forth above and is not entitled to the protections associated therewith consistent with the intent of this order.

15. Entry of this Order shall not exclude the entry of other protective orders in this case.

16. This Order may be modified or amended by agreement of the parties or upon further Order of the Court.

17. The terms of this Order shall survive any final disposition of this case.

Order to be vacated Nov. 18, 2012.

SO ORDERED:

*Jean C. Hamilton*
United States District Judge Jean C. Hamilton

Date: 11/18/08

cc:   All parties