UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY NELSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV674 JCH |
| ) | |
| DORN SHUFFMAN, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Timothy Nelson's Motion for Attorney's Fees and Expenses, filed February 28, 2011. (Doc. No. 381). The motion is fully briefed and ready for disposition.

## **BACKGROUND**

In order to understand the Court's ruling on Plaintiff's motion, a somewhat detailed recitation of the background of this case is necessary. Plaintiff Timothy Nelson filed his original pro se Complaint in this matter on April 21, 2006. (Doc. No. 2). Following extensive motion practice and an interlocutory appeal, the Court appointed Samuel Henderson, from the law firm of Greensfelder and Hemker, PC, to represent Plaintiff. (Doc. No. 133).[1] After filing a Second Amended Complaint, followed by two motions to compel, Plaintiff's attorneys filed a Third Amended Complaint ("Complaint" or "Compl.") on March 9, 2009. (Doc. No. 173). Named as Defendants were Dorn Shuffman, Diane McFarland, Karen Adams, Alan Blake, Linda Meade, Margaret Chessey, Marissa Richardson, Connie Roberts, Wiley Leon Maxwell, Danny Swyers, Ronald Scharer, Mark Miller, and

---

[1] Greensfelder attorneys Kathi Chestnut, Michele Davis, and Molly Batsch eventually entered on Plaintiff's behalf.

Martha Bellew-Smith. The Complaint consisted of four Counts, as follows: Failure to Protect, in Violation of the Eighth and Fourteenth Amendments (Count I); Deliberate Indifference to Serious Medical Need, in Violation of the Eighth and Fourteenth Amendments (Count II); Denial of Access to the Courts, in Violation of the First Amendment (Count III); and Violation of Due Process and the Right to be Free from Cruel and Unusual Punishment (Count IV). (Compl., ¶¶ 22-84).

The case was set for a jury trial on May 26, 2009. (Doc. No. 170). Plaintiff filed his pretrial compliance, including a motion in limine, on May 11, 2009. (Doc. Nos. 284-293). In a twenty-five page sealed Memorandum and Order entered May 14, 2009, this Court dismissed Count III in its entirety, finding Plaintiff failed to create a genuine issue of material fact with respect to the constitutional violation alleged in such Count. (Doc. No. 297, PP. 21-22). The Court further dismissed Adams, Chessey, McFarland, Miller, Scharer, and Shuffman as Defendants, holding Plaintiff failed to set forth facts sufficient to demonstrate those Defendants violated his constitutional rights. (Id., PP. 14-16, 18-20, 22). The Court further dismissed Count II as to all Defendants except Bellew-Smith, and Count IV as to Defendants Maxwell, Roberts, and Swyers. (Id., PP. 18-21, 22). Plaintiff therefore was permitted to proceed to trial on the following claims: Count I, as to Defendants Bellew-Smith, Blake, Maxwell, Meade, Richardson, Roberts and Swyers; Count II as to Defendant Bellew-Smith; and Count IV, as to Defendants Bellew-Smith, Blake, Meade, and Richardson. (Id., PP. 24-25).

On May 19, 2009, just seven days before trial was to commence, the remaining Defendants filed a notice of interlocutory appeal on their qualified immunity defense. (Doc. No. 303). The parties then engaged in appellate practice for approximately one year, including the filing of overlength briefs and oral argument before the Eighth Circuit Court of Appeals. In an Opinion

entered May 7, 2010, the Eighth Circuit affirmed this Court's denial of summary judgment on the basis of qualified immunity in its entirety. (Doc. No. 307).

On remand from the Eighth Circuit, Plaintiff's attorneys filed another motion in limine, and revised pretrial compliance. (Doc. Nos. 322-323, 350-357). This case finally proceeded to trial on Plaintiff's remaining claims on February 7, 2011.[2] Following a six-day trial, the jury found for Plaintiff on his claim of deliberate indifference to serious medical need against Defendant Bellew-Smith, and awarded Plaintiff Fifteen Thousand Dollars in actual damages, and Ten Thousand Dollars in punitive damages. (Doc. No. 376, P. 4). The jury found for Defendants on all other claims. (Id., PP. 1-3, 5-8).

As stated above, Plaintiff Timothy Nelson filed the instant Motion for Attorney's Fees and Expenses on February 28, 2011. (Doc. No. 381). In his motion, Plaintiff requests an award of $399,586.50 in attorneys' fees, and $23,091.83 in expenses. (Id.). Defendants object to the awarding of the majority of Plaintiff's requested fees and costs. (Doc. No. 387).

**DISCUSSION**

**I.** **Attorneys' Fees**

42 U.S.C. § 1988(b) provides in relevant part as follows: "In any action or proceeding to enforce a provision of section[]...1983,....the court, in its discretion, may allow the prevailing party,....a reasonable attorney's fee as part of the costs...." "The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate." Copeland v. ABB, Inc., 2006 WL 2356140 at *1 (W.D. Mo. Aug. 15, 2006), citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "This figure is often referred to as the

---

[2] According to Plaintiff, at no time did Defendants make an offer to settle this case. (Doc. No. 382, P. 2).

'lodestar.'" Id. (citation omitted).  Under Eighth Circuit law, "[t]he onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed," and "[t]he district court should exclude hours that were not reasonably expended." Wheeler v. Missouri Highway & Transp. Com'n, 348 F.3d 744, 754 (8th Cir. 2003), citing Hensley, 461 U.S. at 433, 434, cert. denied, 541 U.S. 1043 (2004).[3]

The Supreme Court has held, however, that, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." Hensley, 461 U.S. at 434. Rather, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Id. (footnote omitted). "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Id. See also Wheeler, 348 F.3d at 754 (internal quotations and citation omitted) ("In awarding attorney fees, the most critical factor is the degree of success obtained.").

### A. Lodestar

In his Motion for Attorney's Fees, Plaintiff requests reimbursement as follows:

| | |
|---|---|
| **Molly Batsch:** | 379.6 hours, at hourly rates varying from $155.00 to $185.00, for a total of $63,314.50. |
| **Kathi Chestnut:** | 212.6 hours, at hourly rates varying from $335.00 to 370.00, for a total of $74,665.00. |
| **Michele Davis:** | 341.4 hours, at hourly rates varying from $185.00 to 220.00, for a total of $69,908.50. |

---

[3] The Supreme Court has explained that hours may not be reasonably expended because, "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely." Hensley, 461 U.S. at 434. Thus, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary..." Id. In this case, attorney Kathi Chestnut provided an affidavit stating she made substantial reductions to the draft bills to account for such variables prior to the submission of Plaintiff's motion. (Doc. No. 381-2, P. 4).

- 4 -

> **Samuel Henderson:** 982.2 hours, at hourly rates varying from $185.00 to 210.00, for a total of $188,395.50.

(See Doc. No. 381-4). In their response to Plaintiff's motion, Defendants dispute neither the reasonableness of the number of hours expended, nor the requested hourly rates. (See Doc. No. 387).

Upon consideration of Plaintiff's motion and supporting documentation, and in light of Defendants' failure to object to Plaintiff's calculations, the Court finds Plaintiff's lodestar amount to be reasonable. As stated above, however, the inquiry does not end here; rather, the Court must consider other factors including, most importantly, the degree of success obtained. Hensley, 461 U.S. at 434; Wheeler, 348 F.3d at 754. The Court thus turns to a consideration of the other relevant factors.

### B. Relatedness

"When a plaintiff has prevailed on some claims but not on others, the plaintiff may be compensated for time spent on unsuccessful claims that were related to his successful claims, but not for time spent on unsuccessful claims that were distinct in all respects from his successful claims." Emery v. Hunt, 272 F.3d 1042, 1046 (8th Cir. 2001) (internal quotations and citation omitted). "Claims are related, and hence deserving of compensation, if they involve a common core of facts or are based on related legal theories." Id. (internal quotations and citations omitted).

Upon consideration, the Court finds the hours expended here are not easily allocable between Plaintiff's successful and unsuccessful claims. For example, although Plaintiff succeeded only on the discrete claim that he was denied medical treatment, the Court agrees with Plaintiff that proof of the underlying rape nevertheless was essential to this claim. (Doc. No. 382, PP. 5-6). Furthermore, securing the necessary proof for Plaintiff's successful claim required discovery with respect to Defendants other than Bellew-Smith, the only Defendant eventually held liable. As such, because the

claims were interrelated and overlapping, the Court finds Plaintiffs' attorneys, "'devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim by claim basis.'" Heaton v. Weitz Co., Inc., 2007 WL 2301251 at *8 (N.D. Iowa Aug. 8, 2007), quoting Hensley, 461 U.S. at 435. Thus, "because the evidence and work on the various claims was intertwined and necessary to all of the claims," the Court will not reduce the amount of attorneys' fees awarded based on the existence of unrelated, unsuccessful claims. Id.

### C. Level Of Success

In light of the above ruling, the Court turns to consideration of, "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley, 461 U.S. at 435.

> If...a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith...Again, the most critical factor is the degree of success obtained.

Id. at 436.

The Court is intimately familiar with this case, having lived with it for nearly five years at the time of trial. In considering the degree of success obtained, the Court notes that in addition to failing to succeed on his claims against twelve of thirteen Defendants, Plaintiff failed to recover on his most significant claim for damages, i.e., his failure to protect claim based on the rape he suffered allegedly due to Defendants' wrongful placement of Plaintiff in Hoctor-3. The Court must balance this limited degree of success against the principle that, "'[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.'" Wal-Mart Stores, Inc.

v. Barton, 223 F.3d 770, 773 (8th Cir. 2000), quoting City of Riverside v. Rivera, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

After carefully considering the lodestar amount in light of all other applicable factors, including the level of success obtained, the Court finds $50,000.00 to be a reasonable award of attorneys' fees in this matter. The Court therefore will grant Plaintiff Timothy Nelson's Motion for Attorney's Fees in part, in accordance with the foregoing.

**II.      Expenses**[4]

Plaintiff Timothy Nelson further requests a total of $23,091.83, as reimbursement for costs expended in connection with this matter. (See Doc. No. 381-3, PP. 50-55). As an initial matter, the Court will disallow the following costs for failure to provide documentation in support:

| | |
|---|---|
| **AT&T Charges/Collect Calls:** | $3,448.28 |
| **Travel Expenses:** | $779.87 |
| **Scanning Documents:** | $2,603.16 |
| **Medical Records:** | $24.04 |
| **Service Fees:** | $748.93 |
| **Research:** | $40.75 |
| **Federal Express Deliveries:** | $94.77 |
| **Total:** | $7,739.80 |

Upon consideration, the Court will allow the remainder of Plaintiff's requested costs, which include fees incurred incident to the taking of depositions, witness fees, and copying costs. The Court thus will allow costs in the amount of $15,352.03.

---

[4] Plaintiff also filed a Bill of Costs in this matter. (Doc. No. 386). Because the costs requested are fully reflected in Plaintiff's Motion for Expenses, the Court will deny Plaintiff's Bill of Costs in its entirety.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Timothy Nelson's Motion for Attorney's Fees and Expenses (Doc. No. 381) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff Timothy Nelson's Motion for Attorney's Fees is **GRANTED** to the extent that the Court will order Defendants to pay attorneys' fees in the amount of $50,000.00. Plaintiff's Motion for Attorney's Fees is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff Timothy Nelson's Motion for Expenses is **GRANTED** to the extent that the Court will tax costs against Defendants in the amount of $15,352.03. Plaintiff's Motion for Expenses is **DENIED** in all other respects.

Dated this 25th day of July, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE